IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

```
FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA
2006 JUN 21  PM 3: 29

_____
DEPUTY CLERK
```

| | | |
|---|---|---|
| KENNETH MICHAEL ROGERS, | : | |
| Plaintiff | : | |
| VS. | : | NO. 5:06-CV-161(DF) |
| Warden HILTON HALL; Deputy Warden PERRY; | : | |
| Defendants | : | **ORDER** |

Plaintiff **KENNETH MICHAEL ROGERS**, an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee as ordered by the Court on June 7, 2006.

## *II. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that

the act or omission was committed by a person acting under color of state law. *Id.*

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIM

Plaintiff states that he has a food service management certification and that he is a certified baker and cook. Plaintiff alleges that he explained this to the kitchen staff director (Mr. Barnes) at Macon State Prison and Mr. Barnes expressed a desire to have plaintiff assigned to work in the kitchen. However, plaintiff states that he was denied a kitchen assignment because he is in prison for rape. Plaintiff alleges he is being discriminated against because inmates convicted of child molestation are allowed to work in the kitchen while he, an inmate serving time for rape, is not.

A prisoner has no constitutional right to work in the kitchen or, for that matter, to be assigned any particular job in prison. *See Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986). Moreover, plaintiff has not alleged a viable claim of disparate treatment under the Equal Protection clause as he has not shown that defendants have "engaged in invidious discrimination against him based on race, religion, national origin, poverty or some other constitutionally protected interest." *Damiano v. Florida Parole & Probation Comm.*, 785 F.2d 929, 932-33 (11th Cir. 1986). Even if defendants allow convicted child molesters to work in the kitchen while prohibiting convicted rapists from doing the same, this does not amount to discrimination based on a constitutionally protected interest.

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this ___21___ day of June, 2006.

_____
DUROSS FITZPATRICK
UNITED STATES DISTRICT JUDGE

lnb